IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BERTRAM EMEKEKWUE,** | : | **CIVIL NO. 1:11-CV-01747** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CHINWE OFFOR,** | : | **Judge Sylvia H. Rambo** |
| | : | |
| **Defendant** | : | |

## M E M O R A N D U M

Before the court is Defendant's motion for summary judgment wherein Defendant argues that this court lacks personal jurisdiction over Defendant. (Doc. 22.) The parties have briefed the issues, and the matter is ripe for disposition. For the reasons stated below, the motion will be denied.

## I.        Background

Plaintiff, Bertram Emekekwue, brought this action in response to comments made by Defendant, Chinwe Offor, in an e-mail dated July 19, 2011. (*See* Doc. 1, Compl.; Doc. 8, Amended Compl.) Plaintiff's initial complaint brought claims of libel, intentional infliction of emotional distress (IIED), negligent infliction of emotional distress (NIED), and punitive damages. (Doc. 1.) On December 7,

2011, Defendant filed her initial motion to dismiss along with a brief in support. (Docs. 5 & 6.)  In that motion, Defendant argued for dismissal of Plaintiff's complaint based on lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), as well as for failure to state a claim under Rule 12(b)(6).  (Doc. 6.)

Prior to the court's disposition of Defendant's initial motion to dismiss, Plaintiff filed an amended complaint on December 16, 2011.  (Doc. 8.)  In response, on December 31, 2011, Defendant filed an amended motion to dismiss.  (Doc. 12.) Defendant filed a brief in support of the amended motion to dismiss on January 3, 2012.  (Doc. 13.)  Defendant's amended motion to dismiss, and the brief in support thereof, contained arguments for dismissal based solely on Plaintiff's failure to state a claim pursuant to Rule 12(b)(6).  Notably, Defendant did not re-raise, incorporate by reference, or otherwise mention the personal jurisdiction argument in either the amended motion to dismiss or brief in support.

On May 15, 2012, this court ruled on Defendant's motion to dismiss. The court  addressed Defendant's Rule 12(b)(6) arguments and issued a memorandum and order granting the amended motion to dismiss as to Plaintiff's IIED, NIED, and punitive damages claims and denying it as to Plaintiff's defamation

claim.  (Doc. 17.)  Noting that Defendant did not re-raise the personal jurisdiction argument, the court only addressed the arguments presented in the amended motion to dismiss.  (Doc. 17 at 4, n. 4.)

Following the issuance of the court's memorandum and order granting in part and denying in part Defendant's motion to dismiss, Defendant filed an answer to the amended complaint on June 1, 2012.  (Doc. 18.)  In the section entitled "Affirmative Defenses," Defendant asserts that "[t]he court lacks personal jurisdiction over the Defendant."  (Doc. 18 at 2.)  On July 24, 2012, Defendant filed the instant motion for summary judgment, raising the sole issue of personal jurisdiction.  (Doc. 22.)  Defendant filed a memorandum of law in support of summary judgment on August 7, 2012.  (Doc. 24.)  Plaintiff filed his brief in opposition on August 24, 2012, (Doc. 25) and Defendant filed a reply brief on August 26, 2012 (Doc. 26).  The parties have submitted their briefs and the motion for summary judgment is now ripe for disposition.

II.      **Discussion**

Following a thorough review of the relevant authority, the court finds that Defendant, pursuant to the waiver provisions of Federal Rule of Civil Procedure

3

12(g) and 12(h), has waived her right to raise personal jurisdiction arguments at this point in the case. Accordingly, for the following reasons, the motion for summary judgment will be denied.

### a.   Amended Pleadings

Plaintiff filed an amended complaint within 21 days after service of Defendant's initial motion to dismiss, as permitted under Federal Rule of Civil Procedure 15(a)(1). When a plaintiff amends their complaint, the amended complaint supersedes the original complaint and renders the original complaint a nullity. *See Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002); *see also* 6 Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §1476 (3d ed. 1998 & Supp. 2012). The amended complaint thus becomes the operative document which serves to shape the litigation.

The amendment of a complaint also may give rise to circumstances which serve to render a motion to dismiss, made in response to the superseded original complaint, moot.[1] *See Calloway v. Green Tree Servicing, LLC,* 599 F. Supp. 2d 543, 546 (D. Del. 2009) ("Defendant's motion to dismiss is responsive to plaintiffs' original complaint. As the amended complaint has superseded the original,

---

[1] In this court's memorandum and order in response to Defendant's motion to dismiss, the court noted that Defendant's initial motion to dismiss was deemed moot. (Doc. 17 at 4, n. 4.)

defendant's motion to dismiss has become moot."); *see also Bancoult v. McNamara,* 214 F.R.D. 5, 13 (D.D.C. 2003) ("Because the original complaint now is superseded by the amended complaint, the court denies without prejudice all pending motions pertaining to the original complaint."). Defendants "are not required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court may simply consider the motion as being addressed to the amended pleading." *Jordan v. City of Phila.*, 66 F. Supp. 2d 638, 641, n.1 (E.D. Pa. 1999) (citing 6 Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 1476 (2d. ed. 1990)).

If a defendant decides not to rest on its initial motion, the defendant may, as here, file an amended motion to dismiss. In the amended motion, defendants have the freedom to re-raise or incorporate by reference any and all issues asserted in their initial motion to dismiss. *See Pippett v. Waterford Development, LLC,* 166 F. Supp. 2d 233, 236 (E.D. Pa. 2001).[2] However, upon submission of an amended

---

[2] In *Pippett*, the court noted that the filing of an amended complaint generally renders a pending motion to dismiss moot. The court then went on to explain that the defendant's arguments made in the initial motion to dismiss were preserved following submission of the amended complaint because Defendant filed a supplemental motion which stated, "[a]ll of Defendant Waterford's prior motions and arguments directed at Plaintiff's Complaint are hereby incorporated by reference and redirected at Plaintiff's Amended Complaint." *Pippett*, 166 F. Supp. 2d at 236. Unlike the defendant in

(continued...)

motion to dismiss, the original motion to dismiss becomes moot, and the court is

therefore constrained to address the arguments contained in the amended motion.

*See Holiday Village East Home Owners Ass'n, Inc. v. QBE Ins. Corp.*, 830 F. Supp.

2d 24, 28 (D. N.J. 2011). It is fair for the court to assume that the defendant

thoughtfully raised the arguments he or she wished to preserve and omitted any

arguments that he or she wished to leave out.[3]

### b. <u>Waiver</u>

Unlike subject matter jurisdiction, which relates to the court's Article III

constitutional power, personal jurisdiction flows from the due process clause. *Ins.*

*Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702-703

(1982). Accordingly, the defense of lack of personal jurisdiction may be waived

through a defendant's personal actions, whether voluntary or involuntary. *Bel-Ray*

*Co. v. Chemrite (Pty) Ltd.,* 181 F.3d 435, 443 (3d Cir. 1999)(citing *Ins. Corp. of Ir.,*

*Ltd.,* 456 U.S. at 703-05).

---

[2](...continued)
*Pippett*, Defendant here did not take any affirmative steps to incorporate her previously made personal
jurisdiction arguments into the amended motion to dismiss.

[3] It is generally not proper for a district court to raise the defense of personal jurisdiction
*sua sponte*. *See Zelson v. Thomforde*, 412 F.2d 56, 59 (3d Cir. 1969). Parties and their counsel are free
to leave out viable arguments that they do not wish to assert and are also free to voluntarily submit to the
jurisdiction of the court by waiving any personal jurisdiction defenses then available. *See Azubuko v.
Eastern Bank,* 160 F. App'x 143, 146 (3d Cir. 2005).

Waiver of personal jurisdiction may occur in two ways. First, a defendant may waive personal jurisdiction by failing to comply with Federal Rules of Civil Procedure 12(g) and (h). Second, a Defendant waives personal jurisdiction when it submits itself to the jurisdiction of the court by seeking affirmative relief from the court. *Bel-Ray Co.,* 181 F.3d at 443 (*citing Adam v. Saenger*, 303 U.S. 59, 67-68 (1938)); *see also Ciolli v. Iravani*, 625 F. Supp. 2d 276, 290 (E.D. Pa. 2009).

The first inquiry in this court's analysis is whether Defendant waived the defense of personal jurisdiction by failing to include it in her amended motion to dismiss. Federal Rules of Civil Procedure 12(g) and (h) provide the rules governing the waiver of certain defenses. Rule 12(h) provides in pertinent part:

> **(h) Waiving and Preserving Certain Defenses.**
> (**1**) *When some are waived*. A party waives any defense listed in Rule 12(b)(2) - (5) [including a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2)] by:
>> (**A**) omitting it from a motion in the circumstances described in rule 12(g)(2); or
>> (**B**) failing to either:
>>> (**i**) make it by motion under this rule; or
>>> (**ii**) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

Fed. R. Civ. P. 12(h)(1). Rule 12(g) provides, in relevant part:

**(g) Joining Motions.**
      **(1)** *Right to Join*.  A motion under this rule may be joined in any other motion allowed by this rule.
      **(2)** *Limitation on Further Motions*.  Except as provided in Rule 12(h)(2) or (3),[4] a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Fed. R. Civ. P. 12(g).

In other words, Rule 12(g) requires a party who brings a Rule 12 motion to join all available Rule 12(b)(2)-(5) defenses in that motion.  Fed. R. Civ. P. 12(g)[5]; *see also* 5C Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §1391 (3d ed. 1998 & Supp. 2012).  Thus, if a party fails to raise any defense listed in Rule 12(b)(2)-(5) in their motion, Rule 12(h)(1) provides that those defenses are waived.  Fed. R. Civ. P. 12(h)(1); *see also Ins. Corp. of Ir.* 456 U.S. at 704 (discussing framework for waiver of personal jurisdiction and noting that failure to raise timely objection under Rule 12(h) constitutes waiver).  Moreover, a party who fails to raise personal jurisdiction as a defense in a Rule 12 motion is precluded

---

[4]  Federal Rules of Civil Procedure 12(h)(2) & (3) are not applicable to the issues in this case.

[5]  The purpose of this requirement "is to afford an easy method for the presentation of defenses but at the same time to prevent their use for purposes of delay."  2A J. Lucas & J. Moore, *Moore's Federal Practice* ¶ 12.02, at 2225 (2d ed. 1982).

from raising that defense in an answer or in a subsequent motion. *Myers v. American Dental Ass'n*, 695 F. 2d 716, 720 (3d. Cir. 1982) (citing 2A J. Lucas & J. Moore, *Moore's Federal Practice* ¶ 12.23, at 2225 (2d ed. 1982)).

Succinctly stated, "the message conveyed by the present version of Rule 12(h)(1) seems quite clear. It advises a litigant to exercise great diligence in challenging personal jurisdiction, venue, or service of process. If that party wishes to raise any of these defenses, that must be done at the time the first significant defensive move is made - whether by way of a Rule 12 motion or a responsive pleading." 5C Miller & Kane, *supra*, § 1391.

This statement is further supported by the Advisory Committee's Note to the 1966 amendment to Rule 12(h), which states:

> Amended subdivision (h)(1)(A) eliminates the ambiguity and states that certain specified defenses which were available to the party when he made a preanswer motion, but which he omitted from the motion, are waived. The specified defenses are lack of jurisdiction over the person, improper venue, insufficiency of process, and insufficiency of service of process (see Rule 12(b)(2) - (5)). A party who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses he then has and thus allow the court to do a reasonably complete job. The wavier reinforces the policy of subdivision (g) forbidding successive motions.

Fed. R. Civ. P. 12, Advisory Comm. Note (1966 Amendments).

It is clear that Defendant's personal jurisdiction defense has been waived by the operation of Rules 12(g) and (h). Initially, the court notes that Defendant's amended motion to dismiss is considered her first defensive move for legal purposes because the initial motion to dismiss is moot, as discussed above. The amended motion to dismiss only raised arguments for dismissal for failure to state a claim under Rule 12(b)(6). It did not raise, re-raise, incorporate or even reference the defense of lack of personal jurisdiction. Defendant's failure to even mention the court's alleged lack of personal jurisdiction in the amended motion rendered that defense waived under Rule 12(h)(1). Accordingly, Defendant is precluded from raising the defense in her answer or in a subsequent motion for summary judgment. *Myers,* 695 F. 2d at 720. Defendant's motion for summary judgment will therefore be denied.[6]

---

[6] This holding is also consistent with the "waiver-by-conduct" rule, which states that even if a party complies with the procedural requirements of rules 12 (g) and (h), a party may consent to personal jurisdiction if he or she "actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum." *In re Tex. Eastern Transmission Corp.* 15 F.3d 1230, 1236 (3d Cir. 1994). "[W]here a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claims arising from the same subject matter." *Bel-Ray,* 181 F.3d at 443 (citing *Adam,* 303 U.S. at 67-68 ). "The Third Circuit has concluded that affirmative relief is implicated where the court 'considers the merits or quasi-merits of a controversy.'" *Ciolli,* 625 F. Supp. 2d at 291 (E.D. Pa. 2009) (*quoting Wyrough & Loser, Inc. v. Pelmor Labs, Inc.,* 376 F.2d 543, 547 (3d. Cir. 1967)). The purpose behind the "waiver-by-conduct" rule is to foster compliance with the spirit of Rule 12(h) and to protect judicial economy by requiring parties to expeditiously bring preliminary defenses to the court's attention. *See Wyrough* at 547; *see also*

(continued...)

**III.**     __Conclusion__

Defendant's failure to renew the personal jurisdiction argument in her amended motion to dismiss resulted in the waiver of her right to assert the defense under Federal Rules of Civil Procedure 12(g) and (h).   Accordingly, Defendant's motion for summary judgment will be denied.

An appropriate order will be issued.

s/Sylvia H. Rambo
United States District Judge

Dated:  October 24, 2012.

---

[6](...continued)
*Matthews v. Brookstone Stores, Inc.*, 431 F. Supp. 2d 1219, 1226 (S.D. Ala. 2006).  Here, the court can reasonably conclude that by moving this court to rule on the sufficiency of the amended complaint before seeking a determination on the issue of personal jurisdiction, Defendant showed a willingness to litigate this case in this court.  Thus, defendant's actions, when considered in conjunction with the rationale behind the "waiver-by-conduct" rule, supports the court's finding that defendant waived her right to assert the personal jurisdiction defense under the facts of this case.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BERTRAM EMEKEKWUE,** | : | **CIVIL NO. 1:11-CV-01747** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **CHINWE OFFOR,** | : | **Judge Sylvia H. Rambo** |
| **Defendant** | : | |

## O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Defendant's motion for summary judgment (Doc. 22) is **DENIED.** It is **FURTHER ORDERED** that:

1.     The parties shall re-submit a joint case management plan by November 8, 2012 that includes proposed case management deadlines.

2.     A case management conference will be conducted by telephone on November 15, 2012, at 9:30 a.m.  The instructions in this court's order dated June 7, 2012 (Doc. 19) remain in effect.

_____s/Sylvia H. Rambo_____
United States District Judge

Dated:  October 24, 2012.

12